Charlesworth v. Williams.

⁂

RICHARD CHARLESWORTH, Plaintiff in Error, *v.* THOMPSON E. WILLIAMS, Defendant in Error.

#### ERROR TO LA SALLE.

A person who has signed a replevin bond, may become a competent witness in the cause, if another security is substituted for him.

The printed statutes of another State may be read in evidence. And if a party objects to the portions of such statutes so read, as being irrelevant, he should raise the question by copying them into the bill of exceptions.

Exceptions to instructions must appear to have been taken at the time.

THIS was an action of replevin commenced by Williams against Charlesworth, in the La Salle Circuit Court. The defendant pleaded *non detinet*, and property in himself. Upon these pleas, issue was joined. The cause was tried before LELAND, Judge, and a jury, at November term, 1853. Verdict and judgment for plaintiff. In the progress of the trial, by leave of the court, the plaintiff struck out the name of one Moffet, who was security on the replevin bond thereupon, and substituted one Baldwin in his place ; and Moffet was allowed to become a witness for the plaintiff. The plaintiff also read to the jury extracts from a bound book, purporting to be the statutes of Ohio, to which exception was taken ; a witness was called who had been a practicing attorney in the State of Ohio, who stated

that he had no doubt that they were the statutes of Ohio. The extracts read were from " An act to provide for the settlement of estates of deceased persons," and from " An act regulating descents and the distribution of personal estates." Charlesworth brought the case to this court, and assigned, among other errors, the admission of Moffet as a witness, the reading to the jury the sections of the printed statutes of the State of Ohio, and the refusing and giving of certain instructions. There was a motion for a new trial, and a motion in arrest of judgment, which were overruled ; upon which the defendant below " excepts " in the present tense.

D. P. JENKINS, for Plaintiff in Error.

J. STRAIN, for Defendant in Error.

CATON, J. The objection taken to the witness Moffet, is not a valid one. Although he was incompetent while he remained security on the bond, by the substitution of another security, under the direction of the court, his competency was restored, and he was properly admitted as a witness. Nor can we say that it appears from this record that the court erred in admitting in evidence the statutes of Ohio. It is stated in the record that the book offered in evidence purported to be the printed statutes of that State. *Prima facie* that was sufficient under our statute to admit them in evidence as the statutes of that State, without adverting to the witness who was sworn for the purpose of identifying them as the statute laws of that State. Nor can we say that the portions of those statutes read to the jury on the trial, were irrelevant, as was insisted on the argument, for the obvious reason that the bill of exceptions does not show what was read to the jury. It merely shows that portions of certain acts were read, but no extracts were given, so as to enable this court to judge of their applicability or relevancy to the case. The main errors relied upon, are the decisions of the court in giving and refusing instructions asked by either party, but, unfortunately, the instructions were not excepted to upon the trial, nor until after the motions for a new trial, and in arrest of judgment, had been made and overruled. At least, so it appears from the bill of exceptions. But one bill of exceptions was taken, and that states the decision of the court on the motions for a new trial and in arrest of judgment, so that it could not have been executed till after these motions were decided, and the exceptions taken to the giving and refusing instructions are all in the present tense, so that the exceptions which are thus stated could not have been taken on the trial, but appear to

have been taken afterwards. The decisions of this court are numerous and uniform, that we cannot inquire into exceptions thus stated upon the record. Hence we have not felt at liberty to examine the instructions thus excepted to, in order to determine whether they were proper or not.

The judgment of the circuit court must be affirmed.

*Judgment affirmed.*